# EXHIBIT A



**U.S. Department of Justice**

Executive Office for Immigration Review

*Office of the Director*

5107 Leesburg Pike, Suite 2600
Falls Church, Virginia 22041

January 12, 2018

Immigration Judge A. Ashley Tabaddor
President
National Association of Immigration Judges

Immigration Judge Amiena Khan
Executive Vice President
National Association of Immigration Judges

**RE: Press Contacts and Use of Agency Resources**

Dear Judges Tabaddor and Khan,

Congratulations on your recent election to officer positions within the National Association of Immigration Judges (NAIJ). The Agency looks forward to continuing to work with you in your NAIJ representational capacities. Below is a summary of some of the Agency's expectations with regard to your representational activities.

### A. Contacts with the Press

The Agency acknowledges that, as officers of NAIJ, you have certain freedoms with respect to representing the interests of NAIJ to the public and press. However, such representational freedoms are not unlimited. You must take into consideration the following factors, particularly when communicating with the press/media regarding matters related to the Department of Justice.

#### 1. Appropriate Representatives

It is incumbent upon NAIJ to keep the Agency informed regarding which immigration judges have representative roles in the union. Please ensure that your list of NAIJ representatives is kept up to date and includes an explanation of each immigration judge's representative role. Immigration judges who are not acting as representatives of NAIJ are not afforded the same protections to present the views of NAIJ to the press and public.

## 2. Notice to EOIR Regarding Press/Media Contacts

On September 1, 2017, EOIR issued a Speaking Engagement Policy that clarified the roles and responsibilities of various EOIR personnel involved in the speaking engagement process. In the interest of not inappropriately interfering in the right of NAIJ representatives to speak on behalf of NAIJ, immigration judges who speak to the public or press/media in their capacities as NAIJ representatives historically have not been required to seek ethics advice or other permission from the Agency prior to speaking. The Agency will continue to exclude immigration judges who speak to the public or press/media in their capacities as NAIJ representatives from following the speaking engagement approval procedures outlined in the Speaking Engagement Policy.[1] Please note that immigration judges who speak to the public or press in their capacities as NAIJ representatives are always speaking in their personal capacities,[2] and not officially on behalf of EOIR.

Although EOIR will not require NAIJ to receive approval for speaking engagements involving the press/media, EOIR will require NAIJ representatives to report all media contacts pursuant to Deputy Attorney General Rod J. Rosenstein's November 6, 2017 memorandum entitled "Confidentiality and Media Contacts Policy," (Attachment 1). Mr. Rosenstein's memorandum, which added language to the United States Attorney Manual (USAM) at 1-7.000, *et seq.*, states that the policy contained therein apples to all DOJ personnel. Section 1-7.210 of the USAM now requires all DOJ personnel to report to their designated media representative any contacts with members of the media about DOJ matters. Pursuant to this requirement, NAIJ representatives must report all media contacts regarding DOJ matters to EOIR's designated media representative, Nathan Berkeley, within two business days of the media contact. NAIJ representatives must report to whom the contact was made, the date of the contact, and the general nature of the contact with the media.

## 3. Subject Matter

As discussed in Mr. Rosenstein's memorandum, much of DOJ's work involves non-public, sensitive matters. As such, USAM section 1-7.100 now states that "DOJ personnel should presume that non-public, sensitive information obtained in connection with work is protected from disclosure, except as needed to fulfill official duties of DOJ personnel, and as allowed by court order, statutory or regulatory prescription, or case law and rules governing criminal and civil discovery."

The Department's interest in protecting non-public information exists alongside the union's right to present its views to "appropriate authorities," as prescribed in the Federal Service Labor-Management Relations Statute, at 5 U.S.C. § 7102:

---

[1] Please be aware that NAIJ representatives who would like to speak in their capacities as immigration judges (e.g. at a pro bono model hearing program) must follow the Agency's Speaking Engagement Policy to gain approval prior to the speaking engagement.

[2] Although NAIJ representatives are not required to seek ethics advice from the Agency's ethics office prior to speaking on behalf of NAIJ, NAIJ representatives, like all federal employees, are required to follow the Standards of Ethical Conduct for Employees of the Executive Branch. As new NAIJ representatives, you are encouraged to seek ethics guidance in advance of speaking engagements to ensure that you are familiar with ethics guidelines on speaking in your personal capacities.

> Each employee shall have the right to form, join, or assist any labor organization, or to refrain from any such activity, freely and without fear of penalty or reprisal, and each employee shall be protected in the exercise of such right. Except as otherwise provided under this chapter, such right includes the right—
>
> (1) to act for a labor organization in the capacity of a representative and the right, in that capacity, to present the views of the labor organization to heads of agencies and other officials of the executive branch of the Government, the Congress, or other appropriate authorities . . . .

The Federal Labor Relations Authority (FLRA) interprets "appropriate authorities" to include the press, and unions may publicize labor disputes or issues that have a direct bearing on conditions of employment. *See, e.g., Bureau of Prisons Fed. Corr. Inst. and Am. Fed'n of Gov't Emps.*, 17 F.L.R.A. 696, 710-11 (1985); *U.S. Dep't of Veterans Affairs Med. Ctr. Jamaica Plain, Mass. and Fraternal Order of Police*, 50 F.L.R.A. 583, 586 (1994) (citing *Dep't of the Navy, Naval Facilities Eng'g Command, W. Div. San Bruno, Cal. and Nat'l Fed'n of Fed. Emps.*, 45 F.L.R.A. 138, 148-49, 155 (1992)). However, a union's right to present its views is not absolute. *Camp Smedley D. Butler*, 29 F.L.R.A. at 1081 (citing *Bureau of Prisons*, 17 F.L.R.A. at 697). For example, statements to the media are not protected if the statements are disloyal or disruptive of discipline. *See U.S. Forces Korea/Eighth U.S. Army and Nat'l Fed'n of Fed. Emps.*, 17 F.L.R.A. 718, 728 (1985) (citing *NLRB v. Local 1229, Int'l Bhd. of Elec. Workers*, 346 U.S. 464 (1953); *Southwestern Bell Tel. Co. and Commc'ns Workers of America*, 200 N.L.R.B. 667 (1972)). Importantly, § 7102 does not protect communications to outside parties that jeopardize the institution's mission or safety. *U.S. Penitentiary Admin. Maximum Florence, Colorado and AFGE*, DE-CA-90530, F.L.R.A. Rep. No. 16, 6 (2000) (citing *Bureau of Prisons*, 17 F.L.R.A. at 696-97). Moreover, the Statute does not protect comments that constitute flagrant misconduct or are of "an outrageous or insubordinate nature . . . ." *Naval Facilities Engineering Command*, 45 F.L.R.A. at 156. To determine whether conduct constitutes protected activity or flagrant misconduct, "the Authority balances the employee's right to engage in protected activity, which 'permits leeway for impulsive behavior, . . . against the employer's right to maintain order and respect for its supervisory staff on the jobsite.'" *AFGE v. SSA Valrico, Fla.*, 59 F.L.R.A. 767, 770 (2004) (citing *Dep't of Def. Def. Mapping Agency Aerospace Ctr. St. Louis Mo. and Nat'l Fed'n of Fed. Emps.*, 17 F.L.R.A. 71, 80 (1985)).

While it is fairly clear that, subject to the caveats discussed above regarding disloyal and disruptive statements and statements that jeopardize safety or the Agency's mission, the union may express its *views* to the media, there is no case law to suggest that the union may publicize non-public agency *information* that representatives only know in their capacity as Agency employees. For example, publicizing a labor dispute that union officials are aware of due to their status as union officials is different from union officials publicizing non-public, sensitive Agency information that they are privy to because of their status as Agency employees. Due to the sensitive nature of the work of the Department in general, and EOIR in particular, NAIJ representatives must be cognizant of this distinction and take care not to release non-public, sensitive Agency information to the public or press.

### 4. Use of Disclaimers

When NAIJ representatives interact with the media, they must follow the procedures outlined in the April 7, 2015 Memorandum of Understanding (MOU) between the Agency and NAIJ regarding the issuance of appropriate disclaimers (Attachment 2).[3] Pursuant to this MOU, NAIJ representatives must give the following disclaimer when speaking on behalf of NAIJ:

> "I am speaking as [relevant position with NAIJ] of the National Association of Immigration Judges and not as an official of the United States Department of Justice."

When providing written statements, NAIJ representatives must provide the following written disclaimer:

> "The author is the [relevant position with NAIJ] of the National Association of Immigration Judges. The views expressed here do not necessarily represent the official position of the United States Department of Justice, the Attorney General, or the Executive Office for Immigration Review. The views represent the author's personal opinions, which were formed after extensive consultation with the membership of NAIJ."

Please familiarize yourselves with the MOU in order to ensure that NAIJ representatives provide the appropriate disclaimers when interacting with the press/media.

### B. Use of Agency Resources for Representational Activities

In general, NAIJ's rights and limitations on the use of Agency time and resources to engage in representational activities are outlined in the collective bargaining agreement, particularly in Articles 4, 5, and 6. However, the following information should also be noted.

#### 1. Use of Government E-mail/iPhones

Pursuant to Article 6.1.e., NAIJ representatives will have "access to the electronic mail system to facilities communications between the Association and Immigration Judges regarding representational matters." Moreover, the Agency has agreed to provide Agency iPhones to the President and Vice President of NAIJ. However, please be aware that there is no expectation of privacy in the use of government computers or computer systems, including iPhones, and the use of departmental computer systems constitutes consent to monitoring and disclosure of information stored on or transiting the departmental computer system. *See, e.g.,* Section 3.e-f. DOJ Order 2740.1A, Use and Monitoring of DOJ Computers and Computer Systems. (Attachment 3). While EOIR has no objective to intercept communications between NAIJ and the bargaining unit (or NAIJ and its counsel), such communications may be captured incidental

---

[3] The MOU is also available on the EOIR Intranet at
https://eoirnet/sites/eoir/OCIJ/AdministrationandPolicy/Union/executed%20MOU_naij.pdf

to searches related to discovery and/or Freedom of Information Act (FOIA) requests, or for other authorized purposes as described in Section 3.f of DOJ Order 2740.1A.

## 2. Use of Government Employee Time

NAIJ cannot solicit EOIR employees to perform duties, such as legal research, for NAIJ on government time. The Standards of Ethical Conduct for Employees of the Executive Branch state that "an employee shall not encourage, direct, coerce, or request a subordinate to use official time to perform activities other than those required in the performance of official duties or authorized in accordance with law or regulation." 5 C.F.R. § 2635.705(b). Even though law clerks and legal assistants are not in a superior-subordinate relationship with immigration judges, immigration judges are in a position of power and authority over these employees. To ask such employees to use official time or government resources (such as government-provided computers and legal research databases) to do work on behalf of NAIJ would be inappropriate and may constitute a violation of 5 C.F.R. § 2635.702(a), use of public office for private gain. ("An employee shall not use or permit the use of his Government position or title or any authority associated with his public office in a manner that is intended to coerce or induce another person, including a subordinate, to provide any benefit, financial or otherwise, to himself or to friends, relatives, or persons with whom the employee is affiliated in a nongovernmental capacity.")

\* \* \*

Please do not hesitate to reach out to the appropriate Agency authorities (*e.g.*, the Ethics Office, the Communication and Legislative Affairs Division, and/or OCIJ management) if you have any questions or concerns regarding your responsibilities with respect to this memorandum.

Sincerely,

*Katherine H. Reilly*

Katherine H. Reilly
Acting Deputy Director

Cc: MaryBeth Keller
Chief Immigration Judge