# EXHIBIT N

# ETHICS AND PROFESSIONALISM GUIDE
# FOR IMMIGRATION JUDGES

*Preamble*

To preserve and promote integrity and professionalism, Immigration Judges employed by the Executive Office for Immigration Review (EOIR) should observe high standards of ethical conduct, act in a manner that promotes public confidence in their impartiality, and avoid impropriety and the appearance of impropriety in all activities.

## I. Introduction

The provisions in this Guide are binding on all Immigration Judges employed by the Executive Office for Immigration Review. Violations of these provisions may not be used to challenge the rulings of an Immigration Judge. These provisions do not create any rights or interests for any party outside of the Department of Justice, nor may violations of these provisions furnish the basis for civil liability or injunctive relief. The provisions in this Guide do not supersede the personnel or disciplinary rules, or management policies, of the Executive Office for Immigration Review, the Department of Justice, and/or the United States Government. Similarly, this Guide does not affect the applicability or scope of the provisions of the Standards of Ethical Conduct for Executive Branch Employees, or the rules or code(s) of professional responsibility applicable to an Immigration Judge. 5 C.F.R. § 2635.101.

## II. Standards of Conduct
## (5 C.F.R. Parts 2635, 3801; 28 C.F.R. Part 45)

An Immigration Judge shall comply with the standards of conduct applicable to all attorneys in the Department of Justice, including the Standards of Ethical Conduct for Employees of the Executive Branch, codified in Title 5 of the Code of Federal Regulations, and the Department's supplemental regulations at 5 C.F.R. Part 3801 and 28 C.F.R. Part 45.

## III. Ethics Guidance
## (5 C.F.R. § 2635.107(b))

Immigration Judges are encouraged to seek ethics opinions to ensure that their conduct comports with applicable rules and regulations. When an Immigration Judge requests ethics guidance from the Office of Government Ethics, the Departmental Ethics Office, the Office of General Counsel of the Executive Office for Immigration Review, or the Professional Responsibility Advisory Office, the Immigration Judge should endeavor to disclose all legally relevant facts. 5 C.F.R. § 2635.107(b).

1

> *Note: Disciplinary action will not be taken against any Immigration Judge who has engaged in conduct in good faith reliance upon the advice of an agency ethics official provided that the employee, in seeking such advice, has made full disclosure of all relevant circumstances.*

### IV. Professional Competence

An Immigration Judge should be faithful to the law and maintain professional competence in it.

> *Note: In order to "maintain professional competence" in the law, Immigration Judges should strive to be knowledgeable about immigration law, should be skillful in applying it to individual cases, and should attempt to engage in preparation that is reasonably necessary to perform an Immigration Judge's responsibilities.*

### V. Impartiality
### (5 C.F.R. § 2635.101(b)(8))

An Immigration Judge shall act impartially and shall not give preferential treatment to any organization or individual when adjudicating the merits of a particular case. An Immigration Judge should encourage and facilitate pro bono representation. An Immigration Judge may grant procedural priorities to lawyers providing pro bono legal services in accordance with Operating Procedures and Policies Memorandum (OPPM) 08-01.

### VI. Appearance of Impropriety
### (5 C.F.R. § 2635.101(b)(14))

An Immigration Judge shall endeavor to avoid any actions that, in the judgment of a reasonable person with knowledge of the relevant facts, would create the appearance that he or she is violating the law or applicable ethical standards.

### VII. Reporting Misconduct
### (5 C.F.R. § 2635.101(b)(11); 28 C.F.R. § 45.12)

An Immigration Judge shall disclose waste, fraud, abuse, and corruption to appropriate authorities, such as a supervisor, or to the Office of the Inspector General. Immigration Judges, like all Department employees, also have a duty to report allegations of misconduct by Department of Justice attorneys, as explained by Chapter 1-4.100 of the United States Attorneys' Manual (USAM). In addition, Immigration Judges have a duty to report allegations of

misconduct by non-Department attorneys or judges, as explained by Chapter 1-4.150 of the USAM.

### VIII. Acting in a Neutral and Detached Manner

An Immigration Judge should not be swayed by partisan interests or public clamor.

### IX. Acting with Judicial Temperament and Professionalism

An Immigration Judge should be patient, dignified, and courteous, and should act in a professional manner towards all litigants, witnesses, lawyers and others with whom the Immigration Judge deals in his or her official capacity, and should not, in the performance of official duties, by words or conduct, manifest improper bias or prejudice.

> *Note: An Immigration Judge should be alert to avoid behavior, including inappropriate demeanor, which may be perceived as biased. The test for appearance of impropriety is whether the conduct would create in the mind of a reasonable person with knowledge of the relevant facts the belief that the Immigration Judge's ability to carry out his or her responsibilities with integrity, impartiality, and competence is impaired.*
>
> *Note: An Immigration Judge who manifests bias or prejudice in a proceeding impairs the fairness of the proceeding and brings the immigration process into disrepute. Examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes; threatening, intimidating, or hostile acts; suggestions of connections between race, ethnicity, or nationality and crime; and irrelevant reference to personal characteristics. Moreover, an Immigration Judge must avoid conduct that may reasonably be perceived as prejudiced or biased. Immigration Judges are not precluded from making legitimate reference to any of the above listed factors, or similar factors, when they are relevant to an issue in a proceeding.*
>
> *Note: An Immigration Judge has the authority to regulate the course of the hearing. See 8 C.F.R. §§ 1240.1(c), 1240.9. Nothing herein prohibits the Judge from doing so. It is recognized that at times an Immigration Judge must be firm and decisive to maintain courtroom control.*

## X. Membership in Organizations

An Immigration Judge should not hold membership in any organization that practices invidious discrimination on the basis of race, sex, religion, national origin, or disability.

> *Note: Membership of an Immigration Judge in an organization that practices invidious discrimination may, at a minimum, give rise to perceptions that the Immigration Judge's impartiality is impaired. Whether an organization practices invidious discrimination is often a complex question to which Immigration Judges should be sensitive. The answer cannot be determined from a mere examination of an organization's current membership rolls but rather depends on the history of the organization's selection of members and other relevant factors, such as that the organization is dedicated to the preservation of religious, ethnic or cultural values of legitimate common interest to its members, or that it is in fact and effect an intimate, purely private organization whose membership limitations could not be constitutionally prohibited. See New York State Club Ass'n Inc. v. City of New York, 487 U.S. 1 (1988); Board of Directors of Rotary International v. Rotary Club of Duarte, 481 U.S. 537 (1987); Roberts v. United States Jaycees, 468 U.S. 609 (1984). Other relevant factors include the size and nature of the organization and the diversity of persons in the locale who might reasonably be considered potential members. Thus, the mere absence of diverse membership does not by itself demonstrate invidious discrimination unless reasonable persons with knowledge of all the relevant circumstances would expect that the membership would be diverse in the absence of invidious discrimination.*

## XI. Impartiality in Performing Official Duties
### (5 C.F.R. §§ 2635.501 to 2635.503)

An Immigration Judge may not participate, without authorization, in a particular matter involving specific parties which the Immigration Judge knows is likely to have a direct and predictable effect on the financial interest of members of the Immigration Judge's household or in which the Immigration Judge knows a person with whom the Immigration Judge has a covered relationship is or represents a party.

An Immigration Judge has a covered relationship with: (a) a person with whom the Immigration Judge has or seeks a business, contractual, or other financial relationship that involves other than a routine consumer transaction; (b) a person who is a member of the Immigration Judge's household, or a relative with whom the Immigration Judge has a close relationship; (c) a

present or prospective employer of a spouse, parent or child; or (d) an organization which the Immigration Judge now serves, or has served, as an employee or in another capacity, within the past year.

An Immigration Judge is banned from adjudicating any cases in which he/she participated personally and substantially prior to becoming an Immigration Judge. An Immigration Judge may not adjudicate a case if he/she: has personal knowledge of the disputed facts; participated as counselor or advisor in the case; or expressed an opinion concerning the merits of the particular case in controversy. A lawyer in a government agency does not ordinarily have an association with other lawyers employed by that agency within the meaning of the above provision. However, an Immigration Judge formerly employed by a government agency should disqualify himself or herself in a proceeding if the Immigration Judge's impartiality might reasonably be questioned because of such an association.

If a conflict of interest exists, in order for the Immigration Judge to participate in the matter, the EOIR Director or his/her designee must make a determination that the interests of the government in the Immigration Judge's participation outweigh the concern that a reasonable person may question the integrity of the Department's programs and operations. The determination must be made in writing.

If a conflict of interest exists, and the judge has obtained a determination from the EOIR Director or his/her designee that the judge may continue to participate in the matter, the conflict must be disclosed to the parties, either orally on the record or in writing. If an Immigration Judge disqualifies himself or herself from a case that has been assigned to him or her, he or she must do so in a decision in writing or orally on the record before the parties and otherwise follow all the procedures delineated in OPPM 05-02, Procedures for Issuing Recusal Orders in Immigration Proceedings, or any superseding OPPM.

## XII. Use of Public Office for Private Gain
(5 C.F.R. § 2635.702)

Immigration Judges may not use their public office for their own private gain or the gain of persons or organizations with which they are associated personally. An Immigration Judge's position or title should not be used: to coerce; to endorse any product, service or enterprise; or to give the appearance of government sanction. Regarding a request for a letter of reference or recommendation, an Immigration Judge may only use his or her official title and stationery for someone he or she has dealt with in the course of federal employment or someone he or she is recommending for federal employment.

### XIII. Use of Nonpublic Information
(5 C.F.R. § 2635.703)

An Immigration Judge may not engage in a financial transaction using nonpublic information, nor allow the use of such information to further his or her private interests or those of another. Nonpublic information is information an Immigration Judge gains by reason of federal employment that he or she knows or reasonably should know has not been made available to the general public and is not authorized to be made available upon request.

### XIV. Use of Government Property
(5 C.F.R. § 2635.704)

An Immigration Judge has a duty to protect and conserve government property and shall use government property only for authorized purposes.

> *Note: Department of Justice employees are generally authorized to make personal use of most office equipment and library facilities where the cost to the Government is negligible and on an employee's own time. 28 C.F.R. § 45.4. Under the Department's policy on the use of its electronic mail systems, an employee may send a short, personal message to another employee. However, personal messages sent to groups of people and messages to disseminate information on non-Government activities, such as charitable events, religious observances and personal businesses, are prohibited.*

### XV. Use of Official Time
(5 C.F.R. § 2635.705)

An Immigration Judge shall use official time in an honest effort to perform official duties. Generally, personal activities should not be conducted during duty hours. An Immigration Judge may not use the official time of another employee for anything other than official business. This section does not apply to official time under section 7131 of the Federal Service Labor-Management Relations Statute.

### XVI. Conflicting Financial Interest
(5 C.F.R. §§ 2635.401 to 2635.403)

An Immigration Judge is prohibited from participating in any matter in which he or she has a financial interest. In addition to an Immigration Judge's own financial interest, certain interests are considered his or hers (i.e., "imputed" to him or her), including those of a spouse, minor child, general partner or an organization for which the Immigration Judge serves as an officer, director,

trustee, general partner, or employee. However, an Immigration Judge may participate in such a matter if he or she is granted a waiver. Immigration Judges should contact their Deputy Designated Ethics Officer about possible financial conflicts of interest.

If an Immigration Judge has a financial conflict of interest, remedies include disqualification, divestiture, or a waiver of the disqualification under 18 U.S.C. § 208. Before divesting, however, he/she should determine whether he/she is eligible for a Certificate of Divestiture from the Office of Government Ethics, which would allow him/her to defer paying capital gains tax on the sale of the asset. 5 C.F.R. §§ 2634.1001-1004. A waiver may be granted if the financial interest is found to be not so substantial as to affect the integrity of the Immigration Judge's services.

> *Note: Immigration Judges (levels IJ-2 and above) employed by the Executive Office for Immigration Review are required to file public financial disclosure reports pursuant to statute every year. Financial disclosure reports are used to identify potential or actual conflicts of interest. If the ethics official charged with reviewing an Immigration Judge's report finds a conflict, the ethics official should, upon consultation with the Immigration Judge's supervisor, decide on the appropriate remedy.*
>
> *Note: In order to comply with the applicable law and regulations regarding financial reporting and disqualification, Immigration Judges must inform themselves about their personal financial interests, as well as the personal financial interests of spouses and minor children.*

## XVII. Outside Employment and Activities
### (5 C.F.R. §§ 2635.801 to 2635.803)

An Immigration Judge shall not engage in any outside employment or other outside activity that conflicts with his or her official duties. Immigration Judges should regularly reexamine their avocational activities and the organizations with which they are affiliated to ensure that they do not lead to the perception of partiality on the part of an Immigration Judge.

## XVIII. Representation before Federal Agencies
### (5 C.F.R. § 2635.801)

An Immigration Judge may not represent anyone before a Federal agency or official, or any court, with or without compensation, on a matter in which the United States is a party or has a substantial interest. This prohibition applies whether the Immigration Judge renders the representation personally or

shares in compensation from someone else's representation. 18 U.S.C. §§ 203 and 205.

Nothing in this Article shall prohibit National Association of Immigration Judges (NAIJ) representatives from acting on behalf of NAIJ, or any of its members or any individual in its collective bargaining unit, as otherwise allowed by law. *See, e.g.*, 18 U.S.C. §§ 205(d), 205(i); 5 U.S.C. § 7102(1).

### XIX. Practice of Law
### (5 C.F.R. § 3801.106)

An Immigration Judge may not engage in the private practice of law unless it is uncompensated and in the nature of community service, or unless it is on behalf of the Immigration Judge himself or herself, or on behalf of the Immigration Judge's parents, spouse, or minor children. An Immigration Judge is prohibited from engaging in the paid practice of law and from engaging in any employment that involves a criminal matter, be it Federal, state or local, or any matter in which the Department is or represents a party, witness, litigant, investigator, or grant-maker. These prohibitions may be waived by the Deputy Attorney General if the restrictions will cause undue personal or family hardship, unduly prohibit a DOJ employee from completing a professional obligation entered into prior to Government service, or unduly restrict the Department from securing necessary and uniquely specialized services. All requests for a waiver of these prohibitions should be made through EOIR's Office of General Counsel.

### XX. Serving as an Expert Witness
### (5 C.F.R. § 2635.805)

An Immigration Judge may not serve, other than on behalf of the United States, as an expert witness, paid or unpaid, in any proceeding before the United States in which the United States is a party or has a direct and substantial interest, unless specifically authorized by the Designated Agency Ethics Official. Opinion testimony or testimony as to procedures or practice given in any arbitration, disciplinary action, or proceeding under or with respect to a labor agreement or any action under the Federal Labor laws is not "expert testimony" within the meaning of this section.

### XXI. Teaching, Speaking, and Writing
### (5 C.F.R. § 2635.807)

Generally, an Immigration Judge may not be compensated for speaking or writing about a subject matter that relates to his or her official duties. A subject matter relates to an Immigration Judge's official duties if it deals in

significant part with a matter to which the Immigration Judge is presently assigned or has been assigned in the last year; any ongoing or announced policy, program or operation of the Department; or in the case of a non-career employee, the general subject matter primarily affected by the programs and operations of the Department. 5 C.F.R. § 2635.807. Under 5 C.F.R § 3801.103, an Immigration Judge would only be prohibited from receiving compensation for speaking or writing on a subject matter related to EOIR's policies, programs or operations, not the entire Department's. An Immigration Judge may receive compensation for teaching, even if the course relates to an Immigration Judge's official duties, if the course requires multiple presentations and is offered as part of the regularly established curriculum of: an institution of higher education; an elementary or secondary school; or a program sponsored and funded by the Federal Government or by a state or local government, which is not offered by an entity described above.

When engaging in speaking or writing in a private capacity, an Immigration Judge may not use nonpublic information, nor should there be any use of the Immigration Judge's official title, except as part of other biographical information, or for an article in a scientific or professional journal where there is a disclaimer. An Immigration Judge may not use official time, or that of another employee, to prepare materials. Immigration Judges must seek prior supervisory and ethics approval for written work and speeches.

### XXII. Fundraising
### (5 C.F.R. § 2635.808)

An Immigration Judge may engage in fundraising in a personal capacity as long as the Immigration Judge does not solicit from subordinates or persons having business with the Department, and does not use his or her official title or position. However, an Immigration Judge may use or permit the use of the term "the Honorable" while fundraising in his/her personal capacity, since Immigration Judges are ordinarily addressed using this general term. In addition, soliciting may not be conducted on government property. Immigration Judges may not engage in fundraising, including active participation in a fundraiser, in their official capacity unless authorized by statute, Executive Order, regulation, or agency determination. The only authorized fundraising in the Department is on behalf of the Combined Federal Campaign. However, an Immigration Judge may be authorized to give an official speech at a fundraising event, if the circumstances are appropriate, even though this constitutes participating in a fundraiser.

### XXIII. Just Financial Obligations
### (5 C.F.R. § 2635.809)

An Immigration Judge shall satisfy in good faith his or her obligations as a citizen, including all just financial obligations imposed by law, especially those such as Federal, state or local taxes, and child support payments.

### XXIV. Purchase of Forfeited Property
### (5 C.F.R. § 3801.104)

Without prior written approval, an Immigration Judge may not purchase, directly or indirectly, or use property that has been forfeited to the Government and offered for sale by the Department of Justice or its agents. Similarly, no Immigration Judge may use property forfeited to the United States that has been purchased, directly or indirectly, from the Department of Justice or its agents by the Immigration Judge's spouse or minor child.

### XXV. Gifts from Outside Sources
### (5 C.F.R. §§ 2635.201 to 2635.205)

An Immigration Judge may not solicit or accept a gift given because of his or her official position, or from a prohibited source. A "prohibited source" is any person who:

   (1) has or seeks official action or business with EOIR;

   (2) is regulated by EOIR;

   (3) has interests that may be substantially affected by the performance of an EOIR Immigration Judge's official duties; or

   (4) is an organization composed mainly of persons described above.

### XXVI. Gifts that may be Permissible
### (5 C.F.R. §§ 2635.201 to 2635.205)

Unless the frequency of the acceptance of gifts would appear to be improper, an Immigration Judge may accept:

   (1) items such as publicly available discounts and prizes, commercial loans, food not part of a meal such as coffee and donuts, and items of little value such as plaques and greeting cards.

  (2) gifts based on a personal relationship when it is clear that the motivation is not the Immigration Judge's official position.

  (3) gifts of $20 or less per occasion, not to exceed $50 in a year from one source.

  (4) discounts and similar benefits offered to a broad class, including a broad class of government employees.

  (5) most genuine awards and honorary degrees, although in some cases an Immigration Judge will need a formal determination.

  (6) free attendance, food, refreshments and materials provided at a conference or widely attended gathering or certain other social events that an Immigration Judge attends in his or her official capacity, and for which the Immigration Judge has received prior approval from his or her component.

When Immigration Judges are participating in their official capacity as speakers or panel members at a conference or other event, they may accept an offer of free attendance at the conference or event on the day of their presentation. Participation in the event on that day is viewed as a customary and necessary part of the Immigration Judge's duties, and is not considered a gift to them or to the Department. 5 C.F.R. § 2635.204(g)(1).

When it is determined that an Immigration Judge's attendance at all (or an appropriate part) of an event is in the interest of the Department because it will further agency programs and operations, the Immigration Judge may accept an unsolicited gift of free attendance from the sponsor of the event if the event is found to be a widely attended gathering. A gathering is widely attended if a large number of people are expected, and persons with a diversity of views or interests will be present, for example, if it is open to members from throughout the interested industry or profession. 5 C.F.R. § 2635.204(g)(2).

A determination that an Immigration Judge's attendance at a widely attended gathering is in the interest of the Department may be made orally or in writing. However, if the person extending the invitation has an interest that may be substantially affected by the performance or nonperformance of the Immigration Judge's official duties, or is an association or organization the majority of whose members have such interests, the determination must be made in writing. 5 C.F.R. § 2635.204(g)(3).

  (7) gifts based on an outside business relationship, such as travel expenses related to a job interview.

11

*Note: An Immigration Judge should return gifts not meeting the exceptions or contact the Deputy Designated Ethics Officer on how to dispose of them. Perishable items may be given to charity or shared by the office, with approval.*

### XXVII. Gifts between Employees
### (5 C.F.R. §§ 2635.301 to 2635.304)

Immigration Judges may not give, or solicit a contribution for, a gift to an official superior, nor may they accept a gift from an employee receiving less pay. There are a few exceptions to this general prohibition, however. On annual occasions where gifts are traditionally given, such as birthdays, Christmas, and Boss's Day, an Immigration Judge may give the following to an official superior:

(1) items, other than cash, valued at $10 or less;

(2) items such as food and refreshments to be shared in the office; and

(3) personal hospitality provided at a residence which is of a type and value customarily provided by the employee to personal friends.

On special, infrequent occasions, such as marriage, illness, or the birth of a child, or an occasion that terminates the supervisor/subordinate relationship, an Immigration Judge may give an official superior a gift (in excess of the $10 value) that is appropriate to the occasion. In addition, an Immigration Judge may solicit voluntary contributions of nominal amounts from fellow Immigration Judges, but not subordinates, to contribute to the gift.

### XXVIII. Frequent Flyer Miles and Airline "Compensation"
### (41 C.F.R. § 301)

Some airlines encourage those purchasing tickets to join frequent flyer programs that award free flights and other benefits to frequent flyers. Pursuant to 41 C.F.R. § 301-53.3, Immigration Judges may keep and use for their personal benefit frequent flyer miles accrued incident to government official travel.

Similarly, pursuant to 41 C.F.R. § 301-10.117, Immigration Judges may retain any compensation (e.g., roundtrip airline ticket) an airline gives if they voluntarily surrender their reserved seat on a flight, and if: 1) voluntarily vacating the seat does not interfere with the Immigration Judge's performance of duties; 2) the Immigration Judge bears, and is not reimbursed for, any additional travel expenses incurred as a result of vacating the seat; and 3) the

Immigration Judge is charged leave if taking a later flight incurs additional duty time in a travel status. If the airline involuntarily denies boarding to an Immigration Judge, the Immigration Judge must give EOIR any compensation an airline gives to him or her. 41 C.F.R. § 310-10.116.

## XXIX. Seeking Other Employment
### (5 C.F.R. §§ 2635.601 to 2635.606)

An Immigration Judge may not take official action on a matter that can affect the financial interest of a person or organization with which he or she is negotiating or has an arrangement for future employment. The remedy is disqualification. 18 U.S.C. § 208.

An Immigration Judge also must disqualify himself or herself from working on a matter when he/she is merely *seeking* employment and is not yet actually negotiating for a job. An Immigration Judge is considered to be seeking employment if he/she sends a resume to a potential employer or if he/she is approached by someone about a position with a potential employer and the Immigration Judge responds in any way other than to clearly decline interest.

See OPPM 05-02, Procedures for Issuing Recusal Orders In Immigration Proceedings.

## XXX. Post-Employment Restrictions
### (18 U.S.C. § 207 and 5 C.F.R. § 2641)

There are statutory prohibitions on former Immigration Judges that generally prevent them from "switching sides" after leaving government. The following are the primary restrictions:

(1) Lifetime Ban – A former Immigration Judge is prohibited from representing anyone else before the government on a particular matter involving specific parties in which he or she participated personally and substantially.

(2) Two-Year Ban – A former Immigration Judge is prohibited for two years from representing any other person on a particular matter involving specific parties which was pending under his or her responsibility during the Immigration Judge's last year of government service.

## XXXI. Political Activities
## (5 C.F.R. Parts 733 & 734)

In regard to political activity, Immigration Judges may:

(1) register and vote as they choose.

(2) assist in voter registration drives.

(3) express opinions on candidates and issues.

(4) be a candidate for public office in non-partisan elections.

(5) solicit, accept, or receive political contributions from a fellow member of a Federal labor or employee organization who is not a subordinate, and the request is for a contribution to the multicandidate political committee of a Federal labor organization or to the multicandidate political committee of a Federal employee organization in existence on October 6, 1993.

(6) contribute money to political organizations, in general.

(7) attend and be active at political rallies and meetings.

(8) attend political fundraisers.

(9) join and be an active member of a political party or club.

(10) sign nominating petitions.

(11) campaign for or against referendum questions, constitutional amendments, and municipal ordinances.

(12) distribute campaign literature in partisan elections.

(13) make campaign speeches for candidates in partisan elections.

(14) campaign for or against candidates in partisan elections.

(15) hold office in political clubs and parties.

Immigration Judges may not:

(1) be a candidate in a partisan election.

14

  (2) engage in political activity on duty, in a government office, wearing an official uniform, or using a government vehicle.

  (3) solicit, accept or receive political contributions from another person - except as described in paragraph (5), above.

  (4) solicit or discourage the political activity of anyone who has business with the Department.

  (5) use official authority or influence to interfere with an election.

  (6) wear political buttons while on duty.

*Note: In 1993, Congress amended 18 U.S.C. § 603, which governs political contributions by Federal employees to their employer or employing authority. The original statute had been interpreted as potentially prohibiting all Executive branch employees from making political contributions to the reelection campaign committee of an incumbent President. However, by memorandum dated May 2, 1995, the White House issued an opinion that states that based on the Hatch Act Reform Amendments of 1993, 18 U.S.C. § 603 would no longer prohibit employees from making contributions to the reelection campaign of an incumbent President.*

### XXXII. Ex Parte Communications

An Immigration Judge should not initiate, permit, or consider ex parte communications, or consider other communications made to the Immigration Judge outside the presence of the parties or their lawyers, concerning a pending matter, except as follows:

  (1) When circumstances require it, ex parte communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided that the Immigration Judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication.

  (2) An Immigration Judge may consult with court staff and court officials, including supervisors, whose functions are to aid the Immigration Judge in carrying out the Immigration Judge's adjudicative responsibilities, or with other Immigration Judges, provided the Immigration Judge makes reasonable efforts to avoid receiving factual information that is not part of the record, and does not abrogate the responsibility to personally decide the matter.

(3) An Immigration Judge may initiate, permit, or consider any ex parte communication when expressly authorized by law to do so.

If an Immigration Judge inadvertently receives an unauthorized ex parte communication bearing on the substance of a matter, the Immigration Judge should make provision promptly to notify the parties of the substance of the communication and provide the parties with an opportunity to respond, or to recuse himself or herself if appropriate.

## XXXIII. Mechanism for Continuing Dialog

It is understood that the Agency will be providing Immigration Judges with examples relating to the provisions of the Guide. Within thirty (30) days of the effective date of this Guide, each of the parties will designate a person to act as a point of contact (POC) for any updates to the examples.

The NAIJ POC may communicate with the Agency POC any questions or topics about which it would be useful to have an example relating to the Guide. In addition, the NAIJ POC may submit for consideration for use as examples ethics inquiries and answers received by Judges which NAIJ believes would be of general interest.

The Agency POC will consider all suggestions submitted by the NAIJ POC and will notify the NAIJ's POC with the provisions of any updates at least one week prior to any updates. The designated NAIJ POC under this provision will be provided official time to perform a reasonable amount of work associated with these duties.

## XXXIV. Disciplinary Action or Action for Failure to Follow the Guide

In the event of conflicting requirements between the provisions of this Guide, the Standards of Ethical Conduct for Executive Branch Employees, the bar rules governing an Immigration Judge's conduct, and/or any oral or written instruction from the Agency, the Immigration Judge should seek appropriate guidance under Article III above. Disciplinary action will not be taken against an Immigration Judge who has engaged in good-faith reliance upon the advice of an agency ethics official in accordance with the Note in Article III. Further, if after consultation with an agency ethics official, the ethics official refers the Immigration Judge to a bar for guidance, compliance with that guidance shall be a defense to disciplinary action against an Immigration Judge.

An Immigration Judge against whom disciplinary or other employment action is taken as a result of an alleged violation of this Guide may avail himself/herself of any rights under the Collective Bargaining Agreement,

16

including but not limited to the grievance and arbitration procedures under Articles 8 and 9, or any other applicable provision of law or regulation.

The Agency will not cite the specific provisions of this Guide as a basis for disciplinary or other employment action until six months after ratification of the Guide by members of NAIJ and approval by the head of the Agency.

IN WITNESS WHEREOF, on this 26th day of January, 2011, the Executive Office for Immigration Review and the National Association of Immigration Judges have agreed to the provisions of this Ethics and Professionalism Guide for Immigration Judges.

**FOR THE AGENCY:**

*[signature]*

Mary Beth Keller
Assistant Chief Immigration Judge
Office of the Chief Immigration Judge
Executive Office for Immigration Review

**FOR NAIJ:**

*[signature]* 1/31/11

Denise Noonan Slavin
Vice President
National Association of Immigration Judges

17