# EXHIBIT O

*(handwritten margin notes: "⟵ immigration courts", "⟵ administrative judge")*

## INTRODUCTION:

Incumbent serves as an Immigration Judge with the Executive Office for Immigration Review which has field offices located throughout the United States. The incumbent presides as a hearing officer with duties and powers somewhat similar to those of Hearing Examiners, appointed and operating under the Administrative Procedures Act, but with the additional power of entering decisions that are final unless appealed.

## DUTIES AND RESPONSIBILITIES:

The Immigration Judge presides at formal, quasi-judicial hearings to determine the issues arising in exclusion and deportation and related proceedings. Although each of these proceedings has distinctive qualities of its own, the Immigration Judge has general procedural duties common to many of them.

The Immigration Judge determines whether the proceeding against the alien was initiated in accordance with due process, advises him of the nature of the proceedings, of his right to representation by counsel, and places him under oath. Where the alien desires counsel but does not have the financial means, the Immigration Judge will advise the alien of legal organizations.

The Immigration Judge regulates the course of the hearings, rules on all objections, motions, procedural issues, requests for continuances, and receives the testimony of witnesses and other evidence.

An attorney may be assigned to the case at the outset to present the evidence of the government, and the Immigration Judge may request such assignment at any time. The Immigration Judge has authority to issue subpoenas to compel the appearance of witnesses or the production of documentation at the requst of the alien or the government, and cause depositions to be taken either in the United States or abroad, and issue letters rogatory to foreign government officials to obtain foeign documents.

The incumbent may hear oral arguments and receive and consider briefs, prior to his decision. At the conclusion of the hearing, he renders a decision on the issues of the proceeding. The decision is issued without prior review or control, and is final unless an appeal is taken, or on rare occasions, if the case is certified to the Board of Immigration Appeals. In most cases, a permanent verbatim record of the entire hearing is kept and the transcript is certified in case of appeal.

Exclusion Proceedings: Determines whether an alien arriving from a foreign country who has been held for further inquiry shall be allowed to enter the United States or shall be excluded and deported.

The Immigration and Nationality Act has some 33 different principal grounds of excludability, any one or more of which may apply in a particular case. These grounds encompass persons afflicted with mental and physical defects, criminals, narcotic users or violators of narcotics laws and persons connected with the business of prostitution, aliens who may have obtained visas or documentation by fraud, who lack proper visas or passports, and those who seek to enter the United States for activities prejudicial to the public interest, or who have been members of the Communist Party or other subversive organizations and aliens who assisted Nazis in persecutions.

The alien may assert a claim to United States citizenship and very complex issues of nationality and expatriation may have to be resolved, as well as related questions of marriage, divorce, legitimacy and custody, including not only the laws of United States, but those of foreign countries as well.

The incumbent also exercises the discretion of the Attorney General to waive certain grounds of excludability, and to admit an alien to the United States despite the existence of such grounds. Also has the power to grant permission to reapply for admission into the United States notwithstanding the alien's prior deportation. Both of these powers may be exercised despite the fact that the administrative authorities have already denied such relief. The incumbent also considers persecution claims.

Deportation Proceedings: Every proceeding to determine deportability of an alien is commenced by service of an order to show cause, setting forth the factual allegations and the charge or charges on which deportability is based.

Preliminary to any determination of deportability is the finding that the subject of the proceedings is in fact an alien; hence, questions of citizenship and related questions of parentage, age, legitimacy, marriage, divorce, and expatriation are at issue in many deportation cases as well as in exclusion cases.

The grounds of deportability are even more numerous than the grounds of excludability, since they include not only all persons who were excludable at the time of their entry, but also persons who have become deportable by certain types of post-entry conduct, including criminal, subversive, and immoral activities in the United States after entry, or by remaining longer than permitted.

Discretionary Relief from Deportation: Once the alien has been found to be deportable, he may be thusly ordered, or there may be an alternative. As the alien's ties to the United States increase by reason of extended periods of residence, close family relationships, employment and professional skills, he may become eligible to apply to the Immigration Judge for permanent residence in the United States under Sections 244, 245, and 249 of the Immigration and Nationality Act. The grant of such residence

is fully the equivalent of the visa issuing functions of such American Counsuls abroad. The Immigration Judge not only has original jurisdiction for such application, but any alien whose previous application for permanent residence under Sections 245 and 249 has been denied by the District Director for Immigration and Naturalization Service (INS), may renew an application to the Immigration Judge before whom he appears and have his application granted despite such previous denial. Finally, he may be allowed to depart voluntarily at his own expense with a time initially fixed by the Immigration Judge.

Claims of Persecution: The Immigration Judge is required to designate the country, or countries, to which the deportable alien may be deported. If the alien believes he might be subject to persecution by reason of his race, religion, or political belief, he may apply to the Immigration Judge for asylum or withholding of deportation. With the increase of world tensions and the displacement of people from such areas of tension, the number of such requests has steadily increased. The importance of the decision on such applications cannot be overestimated.

Stay of Deportation: The physical details of effecting the alien's deportation are the duty of the INS District Director. It frequently happens, however, that an alien, about to be deported, requests an reopening and a reconsideration of the case by the Immigration Judge because of some newly acquired equity, or because of some claimed error in the proceedings.

Before the motion could be decided, the alien might be deported, unless a mechanism existed whereby the entire deportation process could be stayed, pending the determination of the motion by the Immigration Judge. This additional power to stay the hand of the enforcement authorities, has been given to the Immigration Judge and may be used even after the INS District Director has denied such stay.

Recission of Adjustment of Status: Within five years after an alien has had his status adjusted to that of a permanent resident under Sections 244, 245, and 249 of the Immigration and Nationality Act, the Attorney General may move to rescind that status if he finds such person was not in fact eligible for adjustment. If the alien contests the procedure, he is given a formal hearing on the merits before the Immigration Judge. In such cases, the government has the same burden of proof as in a deportation case.

Departure Control: Under the provisions of 22 CFR 46, the Immigration Judge has the duty of holding formal hearings to determine whether the departure of an alien from the United States may be prejudicial to the interest of the United States, and recommending either that the temporary order preventing departure be made final, or that such order be revoked. These cases also may involve aliens who, after departure from the United States, could disclose information relating to the national defense and security, aliens

who may engage in activities imperiling such security, aliens who seek to leave in order to engage in rebellion or insurrection against the United States or its allies, or who are fugitives from justice, or whose technical and scientific training might be used by an enemy of the United States against this country, or whose presence in the United States is desired by another federal agency such as the Internal Revenue Service.

Custody Determinations: When an alien is arrested, the INS District Director sets the amount of bond and the conditions upon which he may be released. Before a deportation order becomes final, upon application of the alien for a reduction, the Immigration Judge may order that the amount of the bond be reduced or that the alien be released on own recognizance, and that any other conditions imposed by the INS District Director be set aside.

Miscellaneous Hearings: The Immigration Judge is also called upon occasionally to hear other types of cases, such as, the withdrawal or approval of schools.

SUPERVISORY CONTROLS:

In a decision-making capacity, the Immigration Judge acts absolutely independently, and is free from supervision from any source. Decisions issued may not be reviewed before publication and are final unless appealed by the government or the alien to the Board of Immigration Appeals. The incumbent is subject to the administrative, ministerial and professional supervision of the Chief Immigration Judge.

The Chief Immigration Judge keeps incumbent informed of administrative and court decisions bearing upon incumbent's duties and functions, and of changes and developments in laws, legislative history, procedures and regulations. The Chief Immigration Judge sets operating procedures to which the incumbent adheres.

OTHER RELATING FACTORS:

The proceedings at which the Immigration Judge presides run the gamut from simple to complex cases and include those characterized by complicated and controverted facts, strong protests against proposals made, complex legal or technical questions or matters, both normal and unique contentions and issues. The records vary in size, from a very few to several hundred pages; and on occasion, thousands of pages, depending on the issues; and frequently have a wide effect of decision. The hearings may be extended over months and even years. The decision of the Immigration Judge affects not only the liberty of the alien, but the economic interest of his family, friends, and business associates. The decisions of the Immigration Judge may also impact on foreign relations and law enforcement in the United States. All of the written decisions ot the Immigration Judge are made available to the general public under the Public Information Act.

Administrative decisions involving deportation cases are judicially reviewable directly in the Court of Appeals on the hearing record created by the Immigration Judge. Exclusion proceedings are reviewed by the U. S. District Court.

SPECIAL KNOWLEDGE AND ABILITIES REQUIRED:

The Immigration Judge must have the ability to conduct hearings in a dignified, orderly, and impartial manner; determine credibility of witnesses, and analyze evidence (In Woodby v. INS, 385 U.S. 276, the Supreme Court concluded that in deportation proceedings it was incumbent upon the Government to establish the facts supporting deportability by clear, unequivocal and convincing evidence.); apply Board of Immigration Appeals and court orders; ascertain and apply judicial and administrative precdent; and perform independent legal research. He must know the rules of evidence, possess a thorough knowledge of the numerous immigration and nationality laws, both past and present, and the regulations and rules of the INS issued thereunder. He must have an expert knowledge of judicial practice, exceptional professional attainments; a capacity for analysis and articulation; a proven ability to assure a fair hearing. Inherent demands of the position include such personal characteristics as tact, poise, firmness, impartiality, diplomacy, originality, imagination and initiative, professional bearing, the ability to control the hearing and the ability to meet and correctly dispose of novel and taxing legal problems.

The incumbent must adjudicate claims to privileges under the First and Fifth Amendment, as well as other claims of privilege, apply foreign and domestic law regarding marriage, divorce, citizenship, legitimation of children, domestic relations, adoption, residence and domicile; determine whether convictions for crimes in foreign jurisdictions as well as in the United States involve "moral turpitude" evaluate conduct and activities in the light of the applicable laws relating to exclusion and deportation, involving subversive activities, associations, memberships, and beliefs of aliens within, or seeking admission to, the United States; make determinations in medical and psychiatric matters related to exclusion and deportation; and be familiar with and apply all the laws, regulations and treaties applicable to foreign government officials and to aliens admitted to the United States pursuant to the Internation Organizations Immunities Act.

The incumbent must have the ability to analyze and summarize complex factual situations and the applicable laws and to make a decision containing a discussion of the facts and law relevant to the case, resolve all disputed issues, and present his views in a logical, orderly and enequivocal manner.

Frequent travel is required in this position to handle cases throughout the United States. Travel of the Immigration Judges is directed by the Chief Immigration Judge.