# Exhibit A

OOD<br>Effective: October 2021



# SPEAKING ENGAGEMENTS

| | |
|---|---|
| **PURPOSE:** | To update the policy surrounding speaking engagements and the procedures employees must follow when requesting approval to speak at outside engagements. |
| **OWNER:** | Office of the Director |
| **AUTHORITY:** | 18 U.S.C. § 209; 5 CFR § 2635.201-205, 2635.807(a)(2)(iii)(D); 8 CFR § 1003.0(b)(l); 41 CFR Chapter 304. |
| **CANCELLATION:** | *Submission and Processing of Requests for Speaking Engagements*, January 2020 |

## I.     Introduction

Our agency's stakeholders and other members of the public continue to be interested in hearing about, and understanding, what the agency does and specifically how immigration courts operate. Our immigration judges, appellate immigration judges, and administrative law judges, along with senior EOIR officials and other staff, are frequently invited to speak or write on immigration law and policy at different events across the country. EOIR encourages qualified personnel at all levels to engage in these public speaking opportunities as a means of keeping the public informed of EOIR's mission, operations, and programs.

The agency has issued several memoranda related to speaking engagement approvals, most recently focusing on the process through the Speaking Engagement Team (SET) on the intranet portal. The SET consists of representatives from the Office of Policy, the Office of the General Counsel (OGC), and the Office of the Director, and assists with ensuring compliance with both the law and agency policy while also promoting consistency in all of EOIR's communications.

The following updates to the requirements related to personal and official capacity requests changes the process for seeking approval for official capacity requests and eliminates the requirement to seek approval for personal capacity speaking engagements on subjects unrelated to a person's official duties.

1

EOIR appreciates the diversity of our workforce and recognizes that employees engage in many activities outside of the workplace, often unrelated to their official duties. That said, speaking engagements directly related to the employee's official duties provide the public with the impression that the speech has the imprimatur of the agency, and therefore, require close coordination with the employee's supervisor, who may receive guidance from the SET. It is equally important, however, that employees enjoy the uninhibited ability to speak in a personal capacity about those parts of their lives that do not relate to their job.

## II.     Official Capacity

When an employee is invited to participate in an event because of their official position, is expected to discuss agency policies, programs, or a subject matter that directly relates to their official duties, or otherwise appear on behalf of the agency, the appearance and participation will be considered in an official capacity. Employees must request and receive their supervisor's approval prior to accepting an invitation to speak or participate in a panel in their official capacity. The request for approval must include event logistics and intended materials (i.e., presentations, talking points, handouts). Supervisors are encouraged to grant appropriate requests.

When an EOIR employee is assigned to participate as a speaker or panel participant or otherwise present information on behalf of the agency at a conference or other event, or requests to do so, the employee is doing so in an official capacity.  Further, any EOIR employee speaking at an event hosted by a Federal Department, Office, or Agency, or at an event featuring representatives from other Departments, Offices, Agencies or members of Congress, is presumed to be speaking in an official capacity.

Supervisors must consider the nature and purpose of the engagement, the host(s) and sponsor(s) of the event, and whether the event provides an appropriate forum for the dissemination of the information to be presented, before making a determination on the appropriate capacity of an individual employee's involvement. Supervisors may seek assistance from the SET in determining the appropriate capacity for a specific event.

## III.    Personal Capacity

An employee who seeks to speak in a personal capacity on a topic that is unrelated to official duties is not required to seek supervisory approval for participating in the engagement. However, if the engagement occurs during an official schedule of duty, a leave request submitted through the Time and Attendance process is required, and pursuant to OPM Policy supervisors may inquire how the employee intends to use the time before approving the leave request. Administrative leave is not authorized for a personal capacity speaking engagement.  Examples of personal capacity engagements can be found at Appendix A. If a supervisor approves an engagement, the supervisor would then obtain and provide guidance related to any ethical obligations that may impact the individual's decisions regarding participation.  Any employee who does not seek supervisory approval for speaking in a personal capacity is responsible for determining any ethical obligations associated with the speaking engagement, and is encouraged to contact the OGC Ethics Program. If an employee believes that there is potential that a speaking engagement may result in the perception by the public that the engagement relates to the employee's official duties or employment with EOIR, the employee is encouraged to discuss the engagement with their supervisor, who will assist in determining if approval is required.

Supervisors may also provide direction to the employee on the appropriateness of material to be shared and on the substance of information conveyed during the engagement to avoid the perception that the employee is speaking in an official capacity or with EOIR's imprimatur.

Employees and supervisors are encouraged to maintain an open dialogue regarding public speaking engagements. An employee who participates in an event that requires official capacity, or improperly presents the appearance of official capacity, without first obtaining supervisory approval may be subject to discipline.

When an EOIR employee participates in a speaking engagement in a personal capacity, the employee is not appearing at the event as part of the employee's official duties or on behalf of the agency. Therefore, the employee may not state or imply that EOIR endorses or sanctions the speaking engagement, as it is considered an outside speaking activity. When participating in an outside speaking activity in a personal capacity, EOIR employees may not use an official title or position or permit the use of an official title or position to identify themselves in connection with such information is included as one of several biographical details and is given to identify the individual in connection with the activity, provided that the title or position is given no more prominence than other significant biographical details. When an employee's official title and/or position is used as part of an overall biographical sketch of the employee, a disclaimer is not required. When an introduction does not include an overall biographical sketch, an employee may be introduced using an official title or position so long as the employee indicates at the beginning of the remarks that the employee is not speaking on behalf of the agency.[1] Further, as discussed above, employees must be in an annual leave status for any personal capacity event occurring during their schedule of duty.

EOIR employees speaking in a personal capacity are responsible for ensuring that the hosting organization is aware that the employee is appearing in a personal capacity and does not improperly convey appearance of official capacity (*e.g.*, promotional materials including the employee speaker's name and official title outside of the guidelines herein). Whether or not the employee opted to seek supervisory approval for participating in a speaking engagement in their personal capacity, if the circumstances surrounding the speaking event change, the requesting employee should convey such changes to the supervisor to consider the advisability of the employee's continued participation. The supervisor may consult with the SET for additional guidance, if needed.[2]

**IV.     Supervisor's Decision**

Supervisors must submit for guidance from the SET all speaking engagement requests that relate to the employee's official duties—regardless of the employee's proposed capacity. It is important to note that the OGC Ethics Program (Ethics) will receive and review all speaking engagement requests that relate to the employee's official duties, regardless of capacity, that a supervisor has recommended for approval. Note that, while Ethics does not approve or deny requests to speak, it offers guidance to avoid speakers' ethical dilemmas, including the prohibition

---

[1] An example of a proper disclaimer is "The views and opinions I am expressing today are my personal views and opinions and are not necessarily those of EOIR."

[2] Supervisors seeking additional guidance on an approved request may submit an email directly to the SET team at EOIR.Speakers@EOIR.USDOJ.GOV. The SET email address should only be used for approved requests or for troubleshooting issues with the online portal. All new requests or resubmissions must be submitted through the SET portal.

against the receipt of compensation for any speaking engagements that are in an official capacity or are related to one's official duties. If, following review, Ethics has guidance to provide to an employee, Ethics will provide its comments to the employee and supervisor. When the supervisor is submitting a speaking engagement request through the portal for informational purposes only, such as a personal capacity engagement or a subsequent official capacity engagement where blanket approval has been granted, (i.e., the supervisor is not seeking SET guidance), no further action is required after submitting the request through the portal.

Supervisors seeking guidance on speaking capacity are encouraged to submit such requests at least ten days before the speaking engagement. If a supervisor is evaluating a request for personal capacity and seeks guidance to determine whether the employee should participate instead in official capacity, the supervisor must include in the request for guidance the employee's talking points and any handouts or presentation materials associated with the speaking engagement. When seeking such guidance, the supervisor must also include specific questions or notes in the Comments section of the speaking engagement Request Form.

After the supervisor completes the final review of an employee's request, including consideration of any guidance received from the SET, the supervisor will make the final decision concerning approval or denial of the request and inform the employee of the supervisor's decision. The supervisor may also advise the employee of any guidance offered by the SET, and will provide any guidance offered by Ethics.

## V.    Travel

If travel is required for an employee to speak in an official capacity, generally the employee may not accept reimbursement for travel and related expenses from any source other than the government. However, 41 C.F.R. Chapter 304 authorizes the Department (or the employee on the Department's behalf) to accept payment of travel expenses from a non-Federal source, but only "when specifically authorized to do so" and "only for official travel to a meeting." Please note that EOIR has determined, as a matter of policy, that it will not accept any payment for the official travel of its employees by a non-Federal source that is considered a prohibited source for EOIR.[3] A prohibited source is a person or entity who seeks official action from the agency, does business with the agency, appears before the agency, or is an organization a majority of whose members are described in this section.[4] EOIR employees must avoid all improprieties and the appearance of impropriety to ensure complete public confidence in the integrity of our agency. The acceptance of travel reimbursement for official duties from prohibited sources could undermine the public's confidence in the impartiality of EOIR's adjudicators. Likewise, under no circumstances may an EOIR employee receive a supplementation of salary (e.g., an honorarium) from a non-Federal source for a speaking activity that is done in an official capacity.[5]

---

[3] 41 C.F.R § 304-5.3 further provides that reimbursement for travel from outside sources must not be authorized if the approving official determines that acceptance of the payment under the circumstances would cause a reasonable person with knowledge of all the facts relevant to a particular case to question the integrity of agency programs or operations. An employee who accepts travel from a non-Federal source in violation of 41 C.F.R. § 304-1.2 may be required to repay the amount of payment accepted from the non-Federal source and could be subject to additional penalties.
[4] 5 C.F.R. § 2635.203(d).
[5] 18 U.S.C. § 209.

4

If an EOIR employee travels to speak at an event in a personal capacity, the employee is not entitled to travel reimbursement by the agency. When traveling in a personal capacity, an EOIR employee may accept reimbursements for travel expenses from the entity that is sponsoring the activity.[6] Employees offered travel reimbursement for mere attendance (without a speaking commitment, such as on a panel) at a conference in a personal capacity must contact Ethics for a determination as to whether accepting the reimbursement of travel expenses is appropriate. Ethics will apply the gift rules in deciding whether the employee may accept payment of these expenses. Factors that must be taken into consideration when applying the gift rules include the source and value of the reimbursement.[7] In all circumstances involving reimbursement for travel from a non-government entity, EOIR highly encourages employees to consult their supervisor to ensure the employee's evaluation of the travel reimbursement does not create any ethical conflicts or other issues based on the employee's official duties.

## VI.     Exception for Teaching

An employee who is interested in teaching an immigration law course, or any course on a subject matter or topic that is related to their official duties, is required to obtain prior approval from their supervisor. Additionally, it is recommended, but not required, that supervisors submit speaking engagements in the form of teaching requests for those courses described above and others to the SET - primarily for informational purposes - but also to confirm if the employee may receive compensation. Of course, supervisors may seek additional guidance as needed or desired.

When engaging in teaching, speaking, or writing in a personal capacity, an employee may not use nonpublic information, or use an official title except as part of other biographical information. An employee may not use their official time or that of another employee for the engagement, including preparation of materials.

## VII.     Exclusions and Blanket Approvals for Recurring Speaking Engagements

Although speaking in an official capacity, EOIR employees who engage with the public or other agencies as part of their assigned duties or on a recurring or repetitive basis may obtain blanket approval. The supervisor will determine whether a blanket approval is appropriate for the engagement and any subsequent engagements after considering information provided by the employee, including clear descriptions of the purpose, format, audience, participants, and topics covered.   When such a blanket approval is granted, employees need only notify their supervisor that they will be attending any subsequent meetings.  Employees must take care to stay within the bounds of the approval and to seek additional approvals as necessary.

## VIII.   Conclusion

This policy may not address every situation that may arise related to speaking engagements. It is intended to restate and clarify the standard for evaluating requests for speaking engagements. If questions arise regarding the application of this policy or the proper determination of a speaking capacity, please contact the Speaking Engagement Team at EOIR.Speakers@EOIR.USDOJ.GOV.

---

[6] *Saniour v. Environmental Protection Agency*, 56 F.3d 85 (D.C. Cir. 1995); 5 C.F.R. § 2635.807(a)(2)(iii)(D).
[7] 5 C.F.R. § 2635.201-205.

5

All employees speaking to a public group, regardless of the employee's capacity for the specific engagement, must comply with applicable law and agency policies, including all ethics laws, the Hatch Act, any applicable ethics and professionalism guides or rules, Department regulations in title 28 of the Code of Federal Regulations, the Justice Manual, privacy and information disclosure laws, and any other applicable EOIR or Department policies. Further, all employees, especially all non-supervisory adjudicators, seeking approval of a speaking engagement request in either capacity are reminded of the importance of maintaining impartiality and avoiding the appearance of impropriety, favoritism, or preferential treatment.

Please remember that the issuer of the invitation cannot be a prohibited source, and no EOIR employee may receive compensation for any outside speaking activity that relates to their official duties. Supervisors and employees who have questions regarding prohibited sources are encouraged to seek guidance from the SET.

October 12, 2021

**DAVID NEAL**
Digitally signed by DAVID NEAL
Date: 2021.10.12 18:25:55 -04'00'

David L. Neal, Director
Executive Office for Immigration Review

6

## Attachment A

Official and Personal Capacity designations are provided below with examples of appropriate events found within each category. Note that this is not an exclusive list, as some events, activities and forums may not be listed below.

### Official Capacity

For any event where at least one DOJ or EOIR official is participating officially, all EOIR participants must speak in their official capacity.

For any event where the host/sponsor is a Federal Government agency or the employee is asked to speak or present at a Government event, the EOIR employee is presumed to speak in their official capacity.

Immigration conferences or similar events where the subject is immigration (including litigation).

Meetings with Stakeholders.

Naturalization ceremony, as guest speaker or to administer the oath.

Court visits that include engagement with outside groups or individuals.

Pro bono training related to immigration.

EOIR Model Hearing Program.

Recruiting.

### Personal Capacity

Moot court judge - not immigration related.

Commencement speaker when topic is unrelated to immigration or official duties.

Career day/Alumni career panel - to discuss full career path and experience.

Interview based on book written in appropriate personal capacity.

Speaking at community, religious, youth, or small social groups (e.g., book club) and meetings, not directly related to immigration law or advocacy.