

475 Riverside Drive, Suite 302
New York, NY 10115

(646) 745-8500

info@knightcolumbia.org

April 17, 2023

Chambers of the Hon. Leonie M.
 Brinkema
Albert V. Bryan Courthouse
401 Courthouse Square
Alexandria, VA 22314

>    Re:   *National Association of Immigration Judges v. Neal*, **No.1:20-cv-731: Submission of New Authority**

Dear Judge Brinkema,

Plaintiff writes to bring to the Court's attention two recent decisions, copies of which are attached as exhibits.

First, in *Axon Enterprise, Inc. v. Federal Trade Commission*, No. 21-86 (Apr. 14, 2023), the Supreme Court held that the statutory review schemes established by the Securities Exchange Act and the Federal Trade Commission Act do not impliedly withdraw district-court jurisdiction over constitutional challenges to the structure of the Securities Exchange Commission and the Federal Trade Commission, respectively. Slip op. at 2. The Court reached this conclusion based on an application of the framework established in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994). *See id.* at 11–18. Although the Court concluded that the plaintiffs could ultimately obtain judicial review through the statutory schemes, it nonetheless determined that the claims could proceed in district court in the first instance because the plaintiffs complained of a "here-and-now injury," *id.* at 13, their claims had "nothing to do" with the kinds of matters the Commissions ordinarily adjudicate, *id.* at 15, and their claims raised standard questions of administrative and constitutional law in which the Commissions lacked any special expertise, *id.* at 16 (cleaned up). This case involves a different scheme and claims, but NAIJ respectfully submits that the Court's analysis is relevant to NAIJ's argument that the Civil Service Reform Act does not impliedly divest this Court of jurisdiction over NAIJ's challenge to the Policy as a prior restraint. *See* Opp. at 21–30.

Second, in *Menders v. Loudoun County School Board*, No. 22-1168 (Apr. 14, 2023), the Fourth Circuit held, relevantly, that the plaintiffs had standing to challenge a new school bias reporting form under the First and Fourteenth Amendments because they had sufficiently alleged the form would chill their children's speech. Slip op. at 14. The plaintiffs had not alleged "any disciplinary incidents launched as a result of the form or even bias incidents recommended for investigation." *Id.* at 12. The court held, however, that the plaintiffs had standing because the plaintiffs alleged their children had refrained from speaking on certain topics based on the fear that, if they did, other students would accuse them of bias and the school would investigate the reports. *Id.* at 13–14. NAIJ respectfully submits that the Fourth Circuit's decision bears on its argument that it has standing to challenge the Policy based on the Policy's chill. *See* Opp. at 6–11.

Copies of the decisions in *Axon Enterprise* and *Menders* are attached to this letter as Exhibit A and Exhibit B, respectively.

| /s/ *Victor M. Glasberg* | /s/ *Ramya Krishnan* |
|---|---|
| Victor M. Glasberg (VA 16184) | Ramya Krishnan (*Pro Hac Vice*) |
| Victor M. Glasberg & Associates | Alexia Ramirez (*Pro Hac Vice*) |
| 121 S. Columbus Street | Alex Abdo (*Pro Hac Vice*) |
| Alexandria, VA 22314 | Knight First Amendment Institute |
| T: (703) 684-1100 | at Columbia University |
| F: (703) 684-1104 | 475 Riverside Drive, Suite 302 |
| VMG@robinhoodesq.com | New York, NY 10115 |
| | T: (646) 745-8500 |
| | F: (646) 661-3361 |
| | ramya.krishnan@knightcolumbia.org |

*Counsel for the Plaintiff*

Certificate of Service

I, Victor M. Glasberg, certify that on this 17th day of April, 2021, I filed a copy of the above submission of new authority using the clerk's electronic filing system.

//s//  Victor M. Glasberg
Victor M. Glasberg #16184

Counsel for plaintiff