**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| NATIONAL ASSOCIATION OF IMMIGRATION JUDGES, affiliated with the International Federation of Professional and Technical Engineers<br><br>    Plaintiff,<br><br>    v.<br><br>DAREN K. MARGOLIN, in his official capacity as Director of the Executive Office for Immigration Review,<br><br>    Defendant. | Civil Action No. 20-cv-731 (LMB/JFA) |

**NOTICE OF PROPOSED FACTFINDING IN ADVANCE OF STATUS CONFERENCE**

Plaintiff National Association of Immigration Judges ("NAIJ") respectfully submits this notice, in advance of the status conference scheduled for January 23, 2026, to set forth its proposal for the factfinding ordered by the Fourth Circuit in this case. As explained in more detail below, in light of the limited factfinding NAIJ proposes—which will not require discovery—NAIJ believes that it would be more efficient to postpone factfinding and further briefing until the resolution of all proceedings in the Supreme Court.

This case involves NAIJ's challenge to an EOIR policy that categorically prohibits immigration judges from speaking publicly in their personal capacities about immigration law or policy or the agency that employs them. This Court dismissed the case after concluding that the Civil Service Reform Act ("CSRA") impliedly divested it of subject matter jurisdiction over NAIJ's First and Fifth Amendment claims. *Nat'l Ass'n of Immigr. Judges v. Neal*, 693 F. Supp. 3d 549, 556 (E.D. Va. 2023). It did so applying the two-step framework established by the Supreme

Court in *Thunder Basin Coal Company v. Reich*, 510 U.S. 200 (1994), for determining whether Congress intended to withdraw district-court jurisdiction over a plaintiff's legal claims by creating an alternative scheme of review.

On June 23, 2025, the Fourth Circuit vacated the Court's decision, after determining that intervening factual developments—specifically, the President's termination of the Special Counsel and chair of the Merit System Protection Board without cause, and the government's contention, in litigation over those terminations, that the CSRA's removal protections are unconstitutional—may have so substantially undermined the functioning of the CSRA's review scheme that the statute no longer satisfies step one of this framework. *Nat'l Ass'n of Immigr. Judges v. Owen*, 139 F.4th 293, 305–08 (4th Cir. 2025). The Fourth Circuit remanded to this Court "to engage in factfinding to determine whether—given current circumstances—it may properly exercise subject matter jurisdiction over NAIJ's claims." *Id.* at 313. On November 20, 2025, the Fourth Circuit denied the government's petition for rehearing en banc. *Nat'l Ass'n of Immigr. Judges v. Owen*, 160 F.4th 100 (4th Cir. 2025). On December 19, 2025, the Supreme Court denied the government's application to stay the Fourth Circuit's mandate. *Margolin v. Nat.'l Assn. of Immigr. Judges*, No. 25A662, 2025 WL 3684278 (Dec. 19, 2025). On December 22, 2025, the Fourth Circuit issued its mandate. *See* ECF No. 99. On December 31, 2025, the Supreme Court docketed the government's petition for a writ of certiorari. *See* ECF No. 100.

NAIJ's position is that this Court can resolve the question the Fourth Circuit left open—namely, whether the CSRA continues to satisfy step one of the *Thunder Basin* framework—by directing the parties to negotiate a joint stipulation of facts, and to file that stipulation, along with declarations setting forth any additional facts either party considers to be relevant, in the course of fully briefing the jurisdictional question remanded by the Fourth Circuit.

NAIJ submits that this proposal would enable the Court to find all of the facts necessary to determine whether "the text, structure, and purpose of the [CSRA] has been so undermined that the jurisdiction stripping scheme no longer controls." *Nat'l Ass'n of Immigr. Judges*, 139 F.4th at 300. Since the Fourth Circuit issued its opinion, the MSPB has regained quorum. But the government has made clear through the positions it has taken in litigation, and other actions that are a matter of public record, that the Office of Special Counsel and MSPB are no longer independent. The D.C. Circuit also recently held that the CSRA's removal protections for members of the MSPB are unconstitutional. *Harris v. Bessent*, 160 F.4th 1235 (D.C. Cir. 2025).[1] NAIJ believes that these facts and others that are a matter of public record, or that should be ascertainable through negotiation over a joint stipulation, are sufficient for this Court to resolve the question of its jurisdiction, without the need for any discovery. In light of the limited factfinding NAIJ has suggested above, which can be conducted expeditiously, NAIJ proposes that the Court enter a schedule for further proceedings only after any Supreme Court review of the case has concluded.

January 21, 2026

Respectfully submitted,

/s/ *Victor M. Glasberg*
Victor M. Glasberg (VA 16184)
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
T: (703) 684-1100
F: (703) 684-1104
VMG@robinhoodesq.com

/s/ *Ramya Krishnan*
Ramya Krishnan (*Pro Hac Vice*)
Xiangnong Wang (*Pro Hac Vice*)
Alex Abdo (*Pro Hac Vice*)
Knight First Amendment Institute
 at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: (646) 745-8500
F: (646) 661-3361
ramya.krishnan@knightcolumbia.org

*Counsel for the Plaintiff*

---

[1] Harris's petition for panel rehearing or rehearing en banc of that decision was denied on January 9, 2026. *Harris v. Bessent*, No. 25-5037, 2026 WL 88114 (D.C. Cir. Jan. 9, 2026).

## <u>CERTIFICATE OF SERVICE</u>

I, Victor M. Glasberg, hereby certify that on this 21st day of January 2026, I electronically

filed the foregoing Notice of Proposed Factfinding in Advance of Status Conference with the clerk

of the court.


Dated: January 21, 2026                              /s/ *Victor M. Glasberg*
                                                     Victor M. Glasberg (VA 16184)
                                                     Victor M. Glasberg & Associates
                                                     121 S. Columbus Street
                                                     Alexandria, VA 22314
                                                     T: (703) 684-1100
                                                     F: (703) 684-1104
                                                     VMG@robinhoodesq.com